THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE A. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> WEEKLY DISABILITY INCOME INSURANCE FOR EMPLOYEES OF FRIENDS OF KEXP; FRIENDS OF KEXP, as Plan Administrator, a Washington Corporation; and, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation, <br><br> Defendants. | CASE NO. C09-0937-JCC <br><br><br> ORDER |

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Dkt. No. 13-2), Plaintiff's Response (Dkt. No. 14), and Defendants' Reply (Dkt. No. 18). The Court has carefully considered these papers, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. For the reasons explained below, the Court hereby DENIES Defendants' motion and rules as follows.

ORDER
PAGE - 1

## I. BACKGROUND

Plaintiff was injured in a car accident in June 2007, while she was working for Defendant Friends of KEXP. Shortly thereafter, she made an administrative claim for short-term disability benefits under an employer-provided disability policy. (Mot. 3 (Dkt. No. 13-2).) The fiduciary that funded Plaintiff's disability policies (short-term and long-term) was Jefferson Pilot Financial Insurance Company, the predecessor in interest to the named Defendant Lincoln National Life Insurance Company (collectively referred to herein as "Lincoln National"). (*Id.* at 2.)

Plaintiff made her short-term benefits claim to Lincoln National based on alleged disabilities arising from accident-related injuries, fibromyalgia, chronic pain, and insomnia. (*See* Resp. 1–2 (Dkt. No. 14).) Lincoln National granted Plaintiff short-term benefits for one week. It based its determination on the finding that Plaintiff met the criteria for being "totally disabled," as is required to receive benefits, for that week only.[1] (Mot. 3 (Dkt. No. 13-2).)

After the denial of short-term benefits beyond one week, Plaintiff used her first of two allowed administrative appeals under the short-term disability policy, and Lincoln National denied further benefits. (Resp. 3 (Dkt. No. 14).) Plaintiff retained counsel to represent her during a second and final appeal, but Lincoln National also denied that appeal. (*Id*. at 4, 6.) Having exhausted her administrative options for receiving further short-term disability benefits, Plaintiff filed the present action in this Court under the Employee Retirement Income Security Act ("ERISA", 29 U.S.C. §§ 1001 *et seq*.), complaining that Lincoln National's claim review process violated ERISA and requesting that the Court award "full benefits due Plaintiff

---

[1] Lincoln National determined that Plaintiff was "totally disabled" for three weeks measured from the date of injury. (Marisseau Dec. 94 (Dkt. No. 11-2 at 31).) However, a person is not eligible for short-term disability benefits until the expiration of a two-week initial "elimination period," which explains the one week of benefits Plaintiff received. (Resp. 2 (Dkt. No. 14).)

ORDER
PAGE - 2

1  under the ERISA plan . . . ." [2] (Compl. 5 (Dkt. No. 1).) Plaintiff seeks to recover long-term
2  disability benefits in addition to short-term disability benefits; the two types of benefits are
3  derived from separate policies. (*See* Resp. (Dkt. No. 14).) The parties dispute whether
4  Plaintiff's acts prior to this action were sufficient to initiate an administrative long-term
5  benefits claim, but agree that the administrative (non-judicial) remedies for such a claim have
6  not been exhausted. (*Id*. at 1–2).

**II.   DISCUSSION**

Defendants argue that the Court should grant partial summary judgment dismissing Plaintiff's claim for long-term disability benefits, because the Court should abstain from adjudicating any ERISA claims for which the claimant has not exhausted her administrative remedies. (Mot. (Dkt. No. 13-2).) Plaintiff counters that she need not have exhausted the administrative claims process prior to bringing suit, because her circumstances merit the application of one or more judicially-created exceptions to the general requirement of exhaustion. (Resp. 9–13, 17–21 (Dkt. No. 14).)

**A. Summary Judgment Standard**

Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the nonmoving party, the Court determines there are no genuine issues of material fact. FED. R. CIV. P. 56(c)(2). There is no genuine issue of fact for a trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court must inquire into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The moving party bears the initial burden of showing that there is no evidence which supports an element essential to

---

[2] The parties do not dispute that all relevant insurance policies are ERISA policies.

ORDER
PAGE - 3

the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

### B.  The Exhaustion Requirement and Relevant Exceptions

Section 502 of ERISA, 29 U.S.C. § 1132, allows an ERISA plan participant or beneficiary to bring an action in district court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." However, the Ninth Circuit has held that "before bringing suit under § 502, an ERISA plaintiff . . . 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'" *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (internal citations omitted). This is called the exhaustion requirement. The purposes of the exhaustion requirement are "the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise." *Diaz v. United Agr. Employee Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). The trial court has discretion to adhere to the exhaustion requirement or apply a judicially-created exception to excuse the failure to exhaust administrative remedies. *See Borland v. Qwest Corp.*, 178 F.App'x. 629, 630 (9th Cir. 2006). Plaintiff argues that at least one of two exceptions to the exhaustion requirement should apply in her case.[3]

---

[3] Plaintiff first argues for application of the "deemed exhausted" exception. *See Vaught*, 546 F.3d at 626 ("a claimant shall be deemed to have exhausted the administrative remedies … on the basis that the plan has failed to provide reasonable claims procedure . . . ."). Because other grounds are dispositive to the present motion, the Court need not address the merits of this argument.

ORDER
PAGE - 4

1    Plaintiff convincingly invokes the futility of exhaustion exception. This exception
2 exists because "there are occasions when a court is obliged to exercise its jurisdiction . . . the
3 most familiar examples perhaps being when resort to the administrative route is futile or the
4 remedy inadequate." *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980). The exception "is
5 designed to avoid the need to pursue an administrative review that is demonstrably doomed to
6 fail." *Diaz*, 50 F.3d at 1485. The Court concludes that the futility exception to the exhaustion
7 requirement applies, preventing summary dismissal of Plaintiff's long-term disability benefits
8 claim.

9    The crux of the Court's conclusion, and the problem with Defendants' arguments to the
10 contrary, is that a long-term disability claim would be doomed to fail. To be eligible for
11 benefits under both policies, a claimant must show that she has a "total disability" or is "totally
12 disabled", which, under both the short-term disability policy and the first two years of the long-
13 term policy, have the same meaning: the inability to perform the main duties of one's own
14 occupation. (Engle Dec. Ex. 1 (Dkt. No. 15 at 3,6).) After two years, the "total disability"
15 standard under the long-term disability policy requires inability to perform the required duties
16 of *any* occupation: obviously a stricter standard.  Lincoln National has already determined and
17 maintained through two appeals that Plaintiff was able to perform the duties of her own
18 occupation three weeks after her injury and a week after her short-term benefits eligibility
19 began; the long-term benefits period would not begin until seventy-six days after the
20 termination of Plaintiff's short-term benefits, making any attempt to administratively claim
21 long-term benefits and receive a favorable "total disability" determination demonstrably
22 doomed to fail.

23    Although there are few cases on point, the Court finds Plaintiff's cited authority to be
24 persuasive. In *Smith v. Metropolitan Life Insurance Co.*, 274 F.App'x. 251, 258 (4th Cir.
25 2008), an ERISA claimant made an administrative claim for long-term disability benefits, but
26 only under the "own occupation" total disability standard; not the "any gainful occupation"

ORDER
PAGE - 5

standard which, similar to the case at bar, applied after a set period of time passed under the less restrictive standard. The Fourth Circuit held that the claimant was excused from exhausting the administrative remedies under the stricter standard, because it would have been futile for the claimant to argue that he could not perform any gainful occupation months after the insurance company determined that he could perform his own occupation. Similarly, Lincoln National's determination during Plaintiff's administrative short-term benefits claim that she could perform her own occupation three weeks after her alleged injury, and thus was not "totally disabled" beyond this point, renders futile any attempt by Plaintiff to convince Lincoln National that she was "totally disabled" under the same standard ninety days after the injury. Similarly, the district court in *Young v. UnumProvident Corp.*, 2002 WL 2027285 *4 (D. Minn. Sept. 3, 2002), applied the futility exception when "denial of [short-term disability] benefits clearly leads to a denial of [long-term disability] benefits, and any further exhaustion of . . . administrative remedies would have been futile."

Finally, in *Escobar Galindez v. Ortho Pharmaceuticals*, 328 F.Supp.2d 213, 227 (D. P.R. 2004), the district court found that, because twenty-six weeks of short-term disability benefits must have been granted before long-term disability benefits could be granted, "a request for review of the [short-term benefits] denial decision may encompass the tacit denial of [long-term] benefits as well." Lincoln National's denial of Plaintiff's short-term benefits appeals can be seen to constitute a tacit denial of long-term benefits, because the granting of long-term benefits requires the same "total disability" that Lincoln National found lacking only three weeks after Plaintiff's alleged injury.

Additionally, application of the futility exception in Plaintiff's case does not frustrate any of the policies behind the exhaustion requirement. Plaintiff's desire to adjudicate her long-term benefit entitlement is not frivolous, if for no other reason than an administrative claim would be doomed to fail.  Furthermore, judicial abstention in this case would not likely promote nonadversarial methods of claims settlement or minimize costs of claim settlement.

ORDER
PAGE - 6

Finally, the Court is not satisfied that a possible lack of a complete administrative record impedes its ability to consider Plaintiff's long-term benefits claim. In sum, the Court finds that the futility of exhaustion exception applies to the present case to preclude summary dismissal and allow the adjudication of Plaintiff's long-term disability benefits claim.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (Dkt. No. 13-2) is DENIED.

DATED this 9th day of March, 2010.

                                                                 John C. Coughenour
                                                                 UNITED STATES DISTRICT JUDGE